IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

SHELLI ANN JACOBSON,          )
         )
         Plaintiff,          )    TC-MD 110824C
         )
         v.          )
         )
DEPARTMENT OF REVENUE,          )
State of Oregon,          )
         )
         Defendant.          )    **DECISION**

Plaintiff appealed Defendant's adjustments to her 2010 Oregon income tax return. Plaintiff timely appealed and a trial was scheduled for April 16, 2012, by telephone.[1] Plaintiff did not appear for the trial, which was scheduled to begin at 9:30 a.m.[2] Ordinarily the court would dismiss the matter based on Plaintiff's failure to appear. However, the parties reached a written agreement on the majority of the issues, and Defendant's representative indicated to the court over the telephone during the aborted April 16, 2012, trial, that he believed Plaintiff should be entitled to the items agreed to, as set forth below.

## I. STATEMENT OF FACTS

Defendant's original adjustments to Plaintiff's 2010 return reduced Plaintiff's exemption credits from four to three, disallowing a credit for Plaintiff's boyfriend. (Def's Answer at 1.) Defendant also denied Plaintiff's Oregon Child Care Credit and Working Family Credit. (*Id*.)

/ / /

---

[1] The trial was originally scheduled for the courtroom of the Oregon Tax Court in Salem. However, the parties came to an agreement on the majority of the issues and relevant facts, and the court granted Plaintiff's request to appear by telephone. The court offered Defendant's representative the same opportunity, and he accepted, thus converting the matter to a telephone trial.

[2] Plaintiff did call in to the court at approximately 9:50 a.m., but the court had recessed at that juncture, having waited on the line with Defendant's representative until 9:48 a.m.

After working together extensively, the parties submitted a signed written document, filed with the court April 2, 2012, titled "Motion for Summary Judgment" (Mot for Summ J), containing the following mutually agreed-upon information.

Plaintiff claimed a household size of four on her 2010 Oregon return. (Mot for Summ J at 1.) Plaintiff has two children under the age of 13 years old. (*Id.*) Plaintiff claimed an exemption credit for her boyfriend, which the parties now agree cannot be allowed. (*Id.*) Plaintiff's household size is reduced from four to three (Plaintiff and her two children). (*Id.* at 2.) That reduction in Plaintiff's household size reduces her Working Family Child Care Credit percentage from 40 percent to 32 percent. (*Id.*)

Plaintiff was gainfully employed by Hough, MacAdam, & Wartnik, LLC, Certified Public Accountants in North Bend, Oregon, for the entire year (2010). (*Id.* at 1.) Plaintiff had earned income from that employment in excess of the $7,900 earned income limit as defined in ORS 315.262. (*Id.*)

Plaintiff's day care provider is her sister. (*Id.*) Plaintiff and her provider did not have a written contract or other written agreement concerning the day care services provided. (*Id.*)

Plaintiff reported childcare expenses of $5,600 on her 2010 Oregon return. (*Id.*) Plaintiff subsequently substantiated total childcare expense payments from various sources in the amount of $5,795.[3] (*Id.* at 2.) Of the total cash payments of $565, $100 is disallowed for lack of substantiation. (*Id.*)

The parties disagree about whether Plaintiff can claim a portion of the remaining $5,695 substantiated childcare expenses. The amount in dispute is $1,460, payments made while the

///

_____
[3] Page 2 of the parties' written agreement indicates that "Plaintiff has substantiated payment for *most* of the childcare expenses * * * [for a] [t]otal paid [of] 5,795." (Mot for Summ J at 2.) (Emphasis added).

children were visiting their father at various times throughout the year, and for a week when Plaintiff was on vacation in August 2010. (*Id.*)

## II. CONCLUSION

The court concludes that, although Plaintiff did not appear for trial, the court will accept the parties' well documented agreement. Pursuant to the parties' agreement, Plaintiff's appeal is allowed in part as follows: 1) Plaintiff's dependent exemptions are reduced from four to three; 2) Plaintiff's boyfriend is disallowed as a dependent exemption; 3) Plaintiff is allowed $4,235 in childcare expenses ($5,695 - $1,460); 4) Defendant shall recalculate Plaintiff's Child and Dependent Care Credit and Working Family Credit based on the childcare expenses allowed herein ($4,235), in accordance with ORS 315.262 and ORS 316.078. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff is appeal for 2010 is allowed in part based on the agreement of the parties as set forth immediately above.

Dated this ___ day of April 2012.

_____
DAN ROBINSON
MAGISTRATE


***If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.***

***This document was signed by Magistrate Dan Robinson on April 24, 2012. The Court filed and entered this document on April 24, 2012.***